[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} In three assignments of error, defendant-appellant Keith Anderson appeals from his conviction and sentence for felonious assault and robbery after a bench trial in the Hamilton County Common Pleas Court. After acquitting Anderson of two additional counts of felonious assault, the trial court imposed a two-year sentence of incarceration for felonious assault and for robbery. The sentences were to be served concurrently.
 {¶ 3} On a July 2001 evening, Anderson and co-defendants Jerome Dennis and Robert Goodman approached three youths in a secluded area of Colerain Township called Coogan Falls. The youths were drinking alcohol and smoking marijuana. Anderson and his comrades engaged the youths in conversation while each one positioned himself near an intended victim. Anderson and his comrades then attacked the victims. Anderson grasped one of the victims in a choke hold and dragged him to the ground. He ordered the youth to place his hands and threatened to shoot him if he did not comply. Anderson then kicked the youth and rifled through his pockets.
 {¶ 4} Anderson's first assignment of error, in which he contends that the trial court erred by failing to grant his motion for a separate trial, is overruled, as the record reflects that Anderson withdrew his motion for severance, thus waiving any error. See Crim.R. 14. In light of the trial court's acknowledgement that it could and would consider the evidence against each co-defendant separately, Anderson is unable to demonstrate any prejudice flowing from the withdrawal of the motion. See, e.g., State v. Walker (1990), 66 Ohio App.3d 518, 522, 585 N.E.2d 848.
 {¶ 5} In his second assignment of error, Anderson asserts that the trial court erred by imposing a term of incarceration as opposed to a community-control sanction. Anderson received the minimum prison sentence of two years on each of his second-degree felony convictions. See R.C.2929.14(A)(2). Pursuant to R.C. 2929.13(D), "for a felony of the first or second degree * * * it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11." While the trial court acknowledged that Anderson was the least culpable of the three attackers, and noted in its sentencing worksheet several factors indicating that recidivism was not likely, there was ample evidence to support the imposition of the minimum sentence of incarceration. As the trial court noted, Anderson had actively participated with two other attackers to assault and rob three youths.
 {¶ 6} In his third assignment of error, Anderson challenges the weight of the evidence adduced at trial to support his convictions for felonious assault and robbery. Our review of the record fails to persuade us that the trial court, sitting as the trier of fact, clearly lost its way and created such a manifest miscarriage of justice that the convictions must be reversed and a new trial ordered. See Tibbs v.Florida (1982), 457 U.S. 31, 102 S.Ct. 2211; see, also, State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. The trial court was entitled to reject Anderson's contention that he did not inflict physical harm on the victim. The state presented ample evidence that Anderson made an unprovoked attack on the victim and then held him down while a co-defendant inflicted further harm. As the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact to determine, see State v. DeHass (1967),10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus, the trial court, in resolving conflicts in the testimony, could properly have found that Anderson had committed the charged crimes. The assignment of error is overruled.
 {¶ 7} Therefore, the judgment of the trial court is affirmed.
 {¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.